IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHNNIE D. COOK,**                                    Case Number 5:12 CV 2972

      Petitioner,                                         Judge James S. Gwin

      v.                                                  REPORT AND RECOMMENDATION

**EDWARD SHELDON, Warden**

      Respondent.                                        Magistrate Judge James R. Knepp II

### INTRODUCTION

This is an action initiated by *pro se* Petitioner Johnnie D. Cook, a prisoner in state custody, seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Immediately after filing his Petition, Petitioner filed a Motion to Stay and Abey. (Doc. 4). Respondent Warden Sheldon Cook filed a Return of Writ (Doc. 8) with attached exhibits (Doc. 8-1) and trial transcripts (Docs. 9-1 through 9-12; Docs. 10-1 through 10-11). Petitioner requested and was granted an extension to file a Reply (Docs. 11 and 12), but failed to do so. Rather, Petitioner filed a Motion to Amend his Petition (Doc. 13), which Respondent opposed (Doc. 14). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons discussed below, the undersigned recommends Petitioner's Motions to Stay and Abey and Amend be denied, and the Petition be dismissed due to procedural default.

### FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. 28 U.S.C §

2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530

(6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of

appeals based on the state trial record. *Mitzel*, 267 F.3d at 530. The Summit County Court of

Appeals, Ninth District of Ohio, set forth the following findings of fact:

> Someone beat Alan Grna and his elderly mother Julianna Grna to death inside their
> home on or about July 11, 2009. The Grand Jury indicted Johnnie Cook for the
> murders because he pawned Mrs. Grna's wedding ring, made calls from Mr. Grna's
> cellular telephone, was seen driving the Grnas' car, and his DNA was found on items
> in the Grnas' upstairs bathroom after their deaths. A jury convicted him of
> aggravated murder, aggravated burglary, grand theft, theft from the elderly, and theft,
> and the trial court sentenced him to life in prison without the possibility of parole.
> Mr. Cook has appealed, arguing that the trial court incorrectly denied his motion to
> suppress, that the court incorrectly denied his motion for judgment of acquittal, and
> that his convictions are against the manifest weight of the evidence. We affirm
> because the trial court correctly denied Mr. Cook's motion to suppress, his
> convictions are supported by sufficient evidence, and his convictions are not against
> the manifest weight of the evidence.

(Doc. 8-1, Ex. 18).

## PROCEDURAL BACKGROUND

State Court Proceedings

In July 2009, Petitioner was indicted by a Summit County Court of Common Pleas grand

jury on four (4) counts of aggravated murder in violation of O.R.C. § 2903.01(B), with death

specifications and repeat violent offender specifications; two (2) counts of aggravated robbery in

violation of O.R.C. § 2911.01(A)(3), with repeat violation offender specifications; two (2) counts

of aggravated burglary in violation of O.R.C. § 2911.11(A)(1); with repeat violent offender

specifications; one count of theft in violation of O.R.C. § 2913.02(A)(1); one count of theft from

elderly in violation of O.R.C. § 2913.02(A)(1); and one count of grand theft in violation of O.R.C.

§ 2913.02(A)(1). (Doc. 8-1, Ex. 1). Petitioner denied each count. (Doc. 8-1, Ex. 2). Prior to trial, on

December 10, 2009, Petitioner filed a motion asking the court to suppress "…any DNA results or evidence obtained from samples which were entirely consumed through prior testing conducted by the Ohio Bureau of Criminal Investigation and Identification (BCI)." (Doc. 8-1, Ex. 3). The state filed a brief in opposition. (Doc. 8-1, Ex. 4). The trial court held hearings on Petitioner's motion to suppress on February 16, 2010 and March 9, 2010. (Docs. 9-1 and 9-2). Following the hearings, the state filed a supplemental response opposing Petitioner's motion to suppress DNA evidence. (Doc. 8-1, Ex. 5). Petitioner also filed a post-hearing memorandum in support of his motion to suppress DNA evidence. (Doc. 8-1, Ex. 6). The court denied Petitioner's motion to suppress DNA evidence in an order issued April 20, 2010. (Doc. 8-1, Ex. 7).

The case proceeded to trial. Following the state's case, Petitioner filed a Criminal Rule 29 motion for acquittal (Doc. 10-5), which the court denied (Doc. 10-5). The jury returned a guilty verdict for each count in the indictment, along with aggravated murder of two or more persons attached to counts 8-11 in the indictment. (Doc. 8-1, Ex. 9). The jury found Petitioner not guilty of the principal offender specifications attached to counts 8-11. (Doc. 8-1, Ex. 9). Prior to sentencing, Petitioner filed a motion for acquittal or in the alternative, a motion for a new trial based upon allegedly inconsistent jury verdicts regarding the not guilty finding as a principal offender death penalty specifications and the jury's finding of guilt for aggravated murder. (Doc. 8-1, Ex. 11). The state filed a brief in opposition. (Doc. 8-1, Ex. 12). The court denied Petitioner's motion for acquittal and alternative motion for a new trial. (Doc. 8-1, Ex. 13). On August 4, 2010, Petitioner was sentenced to life in prison without the possibility of parole. (Doc. 8-1, Ex. 14).

Direct Appeal

On September 3, 2010, Petitioner, through counsel, filed a timely notice of appeal with the

Ninth District Court of Appeals, Summit County. (Doc. 8-1, Ex. 15; Case No. CA-25573). Petitioner

raised the following three (3) assignments of error:

1.   The trial court erred to appellant's prejudice by denying his motion to suppress.

2.   The trial court erred in denying appellant's Crim. R. 29 motion as the state
     presented insufficient evidence to sustain a conviction.

3.   The jury created a manifest miscarriage of justice as the verdict was against the
     manifest weight of the evidence.

(Doc. 8-1, Ex. 16). The state filed a brief in response. (Doc. 8-1, Ex. 17). On August 31, 2011, the

appellate court affirmed Petitioner's conviction and sentence. (Doc. 8-1, Ex. 18; Case No. CA-

25573). Petitioner failed to perfect a timely appeal to the Ohio Supreme Court on discretionary

review.

On October 26, 2011, Petitioner filed a *pro se* motion for delayed appeal along with his

notice of appeal from the appellate court's decision to the Supreme Court of Ohio. (Doc. 8-1, Ex.

19-20; Case No. 2011-1829). On December 21, 2011, the court denied Petitioner's motion for

delayed appeal, without explanation. (Doc. 8-1, Ex. 21).

Application to Reopen – App. R. 26(B)

Meanwhile, on October 25, 2011, Petitioner filed a *pro se* application to reopen his appeal

pursuant to App. R. 26(B) asserting the following sole error:

1. The trial court erred to appellant's prejudice denying his motion to suppress.

(Doc. 8-1, Ex. 22). On November 28, 2011, the appellate court denied Petitioner's application to

reopen. (Doc. 8-1, Ex. 23). Petitioner again filed a motion asking the court to reopen his appeal on

October 12, 2012, claiming the following errors committed during the pretrial and trial proceedings:

1.   Judicial misconduct.

2.   Abuse of discretion (by trial court).

3.   Prosecutorial misconduct.

4.   Ineffective assistance of trial counsel.

5.   The state's failure to present evidence (sufficient) that appellant committed the crimes charged.

6.   Allied offenses.

7.   Structural error in verdict forms (does not state degree of felony on each charged verdict form).

(Doc. 8-1, Ex. 24). On October 30, 2012, the court denied Petitioner's motion to reopen as untimely.

(Doc. 8-1, Ex. 25). Petitioner did not seek further review of this decision.

### FEDERAL HABEAS CORPUS

On December 4, 2012, Petitioner filed a timely petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254. (Doc. 1). Petitioner raised the following grounds for relief:

**GROUND ONE**:   The trial court erred to appellants [*sic*] prejudice by denying his motion to suppress.

**GROUND TWO**:   The trial court erred in denying appellants [*sic*] Crim. R. 29 motion as the state presented insufficient evidence to sustain a conviction.

**GROUND THREE**: The jury created manifest miscarriage of justice as the verdict was against the manifest weight of the evidence.

(Doc. 1). Petitioner also filed a Motion to Stay and Abey his Petition (Doc. 4) and a Motion to

Amend his Petition (Doc. 13).

5

**ANALYSIS**

*Motion to Amend*

In his Motion to Amend, Petitioner seeks permission "to include his claim of plain error Fed.R.Crim.P. 52(B)." (Doc. 13). Pursuant to 28 U.S.C. § 2242, a federal habeas petition may be amended according to the requirements set forth in Fed.R.Civ. P. 15. Under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a Rule 12(b)(6) motion to dismiss. *Hoover v. Langston Equip. Assocs.*, 958 F.2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986). Here, Petitioner's ground for relief asserting "plain error" is futile in that he does not allege a federal constitutional violation. 28 U.S.C. § 2254(a) (In an application for a writ of habeas corpus, federal courts may *only* consider violations of the Constitution or laws or treaties of the United States) (emphasis added). In turn, Petitioner's plain error claim could not withstand a motion to dismiss for failure to state a cognizable claim for relief under Rule 12(b)(6). Accordingly, Petitioner's Motion to Amend should be denied.

*Motion to Stay and Abey*

Before a state prisoner may seek a writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254, he must exhaust his state court remedies by fairly presenting all his constitutional claims to the highest state court and to all appropriate state courts prior to that. 28 U.S.C. § § 2254(b), (c); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987). *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Macky v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970). In order to fairly present habeas claims to the state courts, such claims must be presented at the first available

6

opportunity. *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994). The exhaustion requirement is satisfied if it is clear the claims are procedurally barred under state law. *Gray v. Netherland*, 518 U.S. 152 (1996).

A federal court may exercise its "limited discretion" in holding a petition in abeyance if a petitioner presents a "mixed petition"; that is, one containing both exhausted and unexhausted claims. 28 U.S.C. § 2254(b); *see also Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). To do so, Petitioner must show he meets the criteria set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). The procedure is only appropriate: 1) when there is good cause for failure to exhaust in state court; 2) when the unexhausted claims are potentially meritorious; and 3) when there is no indication the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78.

Here, Petitioner's request to stay and abey is frustrated because his claims were, in fact, exhausted in state court. Petitioner filed a motion for leave to file a delayed appeal along with a notice of appeal to the Ohio Supreme Court. (Doc. 8-1, Ex. 19-20). As noted above, the exhaustion requirement is satisfied if it is clear the claims are procedurally barred under state law. *Gray v. Netherland*, 518 U.S. 152 (1996). In this case, Petitioner's claims were barred from being heard by the Ohio Supreme Court because he failed to demonstrate adequate reasons for his delayed appeal. (Doc. 8-1, Ex. 21); Ohio Sup. Ct. R. II, §2(A)(4)(a) (2010); *see Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996) (Where a state court is silent as to the reason for denying a claim, the Sixth Circuit applies a presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar."); *see also Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004) (Ohio Supreme Court's unexplained decision to deny a motion for leave to file a delayed appeal is an adequate and independent state law ground for procedural default.). Accordingly, his Motion to Stay and Abey should be denied.

7

**JURISDICTIONAL BAR TO HABEAS REVIEW**

*Procedural Default*

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989); *see also* 28 U.S.C. § 2254(b)(1)(A). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir. 1986). A petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). If a Petitioner fails to present a claim to the state courts and no state remedy remains available, he has procedurally defaulted that claim. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

The doctrine of procedural default prevents federal habeas courts from reviewing federal claims that state courts declined to address because of a petitioner's failure to comply with state procedural requirements. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  Procedural default occurs when the last state court rendering a decision makes a "plain statement" basing its judgment on a procedural bar. *Harris v. Reed*, 489 U.S. 255, 265 (1989).  "The mere existence of a basis for a state procedural bar does not deprive [federal courts] of jurisdiction; the state court must actually have relied on the procedural bar as an independent basis for its disposition of the case." *Bowling v. Parker*, 344 F.3d 487, 498 (6th Cir. 2003) (quoting *Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985)); *see also Coleman v. Thompson*, 501 U.S. 722, 735 (1991) (holding the last state court rendering a reasoned judgment must "clearly and expressly" state its judgment rests on a procedural bar for procedural default to apply).  Where a state court is silent as to the reason for denying a

8

claim, the Sixth Circuit applies a presumption that the state court "would not have ignored its own procedural rules and would have enforced the procedural bar." *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996).

The Sixth Circuit applies a four-part test to determine whether a petitioner's grounds for relief are procedurally defaulted:

> 1) whether the petitioner failed to comply with an applicable state procedural rule;
>
> 2) whether the state courts actually enforced the state procedural sanction;
>
> 3) whether the procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review;
>
> 4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice".

*Williams v. Coyle*, 260 F.3d 684, 693 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986) (internal citations omitted)). Important here, an Ohio Supreme Court's unexplained decision to deny a motion for leave to file a delayed appeal is an adequate and independent state law ground. *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

A petitioner may overcome procedural default by showing both cause for the failure to comply with the state procedural rule and prejudice resulting from the alleged constitutional violation. *See Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998). Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla*, 370 F.3d at 498 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Demonstrating prejudice requires a petitioner to show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *U.S. v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Here, Petitioner failed to timely file his appeal to the Ohio Supreme Court, and the Ohio Supreme Court declined to hear his delayed appeal. (Doc. 8-1, Ex. 21). As noted above, this procedural bar is an adequate and independent state ground which forecloses federal review. *Bonilla*, 370 F.3d at 497; *see also Beard v. Kindler*, 558 U.S. 53 (2009) (A discretionary state procedural rule can be firmly established and regularly followed, so as to bar federal habeas review, even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others.). Therefore, for purposes of federal habeas review, Petitioner's claims are procedurally defaulted. Since Petitioner has not alleged cause and prejudice for his default or that failure to consider the claim will result in a fundamental miscarriage of justice, his Petition should be dismissed.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

### CONCLUSION AND RECOMMENDATION

Following review, the undersigned recommends the Court deny Petitioner's Motions to Stay/Abey and Amend, further recommending Petitioner's claims be considered procedurally defaulted and his Petition dismissed.

s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).