UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------

|  |  |
|---|---|
| JOHNNIE D. COOK, | |
| Petitioner, | CASE NO. 5:12-CV-2972 |
| vs. | OPINION & ORDER |
| EDWARD SHELDON, Warden, | [Resolving Docs. 29] |
| Respondent. | |

-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On July 31, 3014, Petitioner Johnnie D. Cook filed a motion "to entertain Fed. R. Civ. P. 60(b)(4) reconsideration for Fed. R. Crim. P. 48(b), dismissal of indictment."[1] Based on the substance of the motion, the Court construes this motion as a Rule 60(b) motion for reconsideration.

On December 4, 2012, Petitioner Cook filed a petition for habeas corpus under 28 U.S.C. § 2254.[2] On September 3, 2013, this Court denied Cook's petition.[3] On October 4, 2013, Petitioner filed a notice of appeal from the final order and judgment.[4] This Court granted Petitioner's motion for a certificate of appealability on November 27, 2013.[5]

On March 3, 3014, Petitioner Cook filed a motion with this Court "to return redress in the lower courts to file criminal rule 33 new trial on newly discovered evidence."[6] The motion was denied for lack of jurisdiction as Cook's case was then awaiting hearing in the Sixth Circuit.[7] The

---

[1] Doc. 29.
[2] Doc. 1.
[3] Doc. 17.
[4] Doc. 18.
[5] Doc. 24.
[6] Doc. 26.
[7] Doc. 27.

Case No. 5:12-CV-2972
Gwin, J.

present motion will be denied on the same grounds.

According to the Court's docket records, the Sixth Circuit has not issued an order regarding Petitioner's appeal. The case has been assigned an appellate case number; therefore, it appears that his appeal is still pending before the Sixth Circuit. Appellant has filed a brief; the State of Ohio has filed a motion to dismiss petitioner's appeal as improvidently granted.[1],[2]

As such, the Court finds that it does not have jurisdiction to consider Petitioner Cook's motion. A notice of appeal generally "confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."[3]

Although the Sixth Circuit has established a procedure allowing a district court to address such motions by certifying its anticipated disposition of the motion in the event of remand by the court of appeals,[4] it is equally within the district court's discretion to dismiss the motion and let the appeal take its course.[5]

In the circumstances of this case, the Court declines to certify its anticipation disposition. Accordingly, the Court **DENIES** Petitioner Cook's Rule 60(b) motion for reconsideration for lack

---

[1] Doc. 23.
[2] Doc. 21.
[3] *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985); *see also Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir.2008) ("After an appeal of a trial court's final judgment has been perfected by the filing of a notice of appeal, the trial court no longer has jurisdiction to grant a Rule 60(b) motion." (citation omitted)).
[4] *See First National Bank of Salem, Ohio v. Hirsch*, 535 F.3d 343 (6th Cir.1976).
[5] *See Dunham v. United States*, 486 F.3d 931, 935 (6th Cir.2007).

-3-

Case No. 5:12-CV-2972
Gwin, J.

of jurisdiction.

   IT IS SO ORDERED

Dated: August 25, 2014          *s/  James S. Gwin*
                    JAMES S. GWIN
                    UNITED STATES DISTRICT JUDGE