UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

JOHNNIE D. COOK,

        CASE NO. 5:12-CV-2972

    Petitioner,

vs.

        OPINION & ORDER
        [Resolving Docs. 23, 29, 34, 36]

EDWARD SHELDON, Warden,

    Respondent.

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Habeas petitioner Johnnie Cook moves for a certificate of appealability ("COA").[1] For the following reasons, the Court **DENIES** the grant of a COA.

## I. Background

Cook was convicted of aggravated murder in the Court of Common Pleas in Summit County, Ohio. On December 4, 2012, Cook filed a habeas petition under 28 U.S.C. § 2254 in this Court.[2] The Court adopted a Report and Recommendation from Magistrate Judge James Knepp II and denied the petition.[3] The Court concluded that Cook's claims were procedurally defaulted.[4] On November 27, 2013, the Court granted Cook's motion for a COA by marginal entry.[5]

On a January 14, 2015, the Court of Appeals vacated the COA and remanded for the Court to analyze Cook's claims pursuant to *Slack v. McDaniel*.[6] In *Slack*, the Supreme Court held:

When the district court denies a habeas petition on procedural grounds without

---

[1] Docs. 23, 34, 36.
[2] Doc. 1.
[3] Doc. 17.
[4] Doc. 15 at 10.
[5] Doc. 24.
[6] Doc. 33 at 3.

Case No. 5:12-CV-2972
Gwin, J.

reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.[7]

## II. Analysis

The Court concludes that in denying Cook's petition, it made a procedural ruling that is not debatable or arguably incorrect. Therefore, no COA should issue.

Cook failed to timely appeal his claims to the Ohio Supreme Court. His motion for a delayed appeal was denied.[8] This constitutes a procedural default and bars federal review of his petition.[9] "A federal court will review a state prisoner's procedurally defaulted federal claim if the prisoner shows 'cause' for the default and 'prejudice' from the error, or if a manifest miscarriage of justice would otherwise result."[10]

Cook has not demonstrated cause for his procedural default.[11] Instead, in his most recent motion, Cook argues that failure to consider his petition "will result in a fundamental miscarriage of justice."[12] But Cook merely adds this allegation and rehashes the substantive grounds of his habeas petition.

Without finding cause to excuse a procedural default, the Court may consider a habeas petition only in "an extraordinary case, where a constitutional violation has *probably* resulted in the

---

[7] 529 U.S. 473, 484 (2000) (emphasis added).
[8] Doc. 8-1, Exhibit 21.
[9] *See* Bonilla v. Hurley, 370 F.3d 494, 497 (6th Cir. 2004).
[10] Sutton v. Carpenter, 745 F.3d 787, 789-90 (6th Cir. 2014) (citing Coleman v. Thompson, 501 U.S. 722, 749–50, (1991)).
[11] Demonstrating "cause" requires a petitioner to "show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla*, 370 F.3d at 498 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). As Magistrate Judge Knepp concluded, Cook has not made any allegation that an objective factor external to his defense prevented him from filing a timely appeal. Doc. 15 at 10.
[12] Doc. 36 at 1.

Case No. 5:12-CV-2972
Gwin, J.

conviction of one who is actually innocent . . . ."[13] Nothing in the record before the Court, or in Cook's petition itself, rises to this truly exceptional standard.

Therefore, Cook has not demonstrated any reason to consider his petition despite his procedural default. Pursuant to the standard in *Slack*, no COA should issue.

Thus, the Court **DENIES** a COA as to all of Cook's claims.

IT IS SO ORDERED


Dated: February 25, 2015							s/     *James S. Gwin*
									JAMES S. GWIN
									UNITED STATES DISTRICT JUDGE

---

[13] *Murray*, 477 U.S. at 496 (emphasis added).